UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

     Plaintiff,

     -vs-                        Case No. 15-CR-89

DALQUAVIS WARD,

     Defendant.

## DEFENDANT'S SENTENCING MEMORANDUM

The Defendant, Dalquavis Ward, by his attorney, Thomas J. Erickson, pursuant to the Due Process provisions of the Fifth Amendment to the United States Constitution as well as Rule 32(c) of the Federal Rules of Criminal Procedure, respectfully submits the following Sentencing Memorandum based on an analysis of factors set forth in 18 U.S.S.G. s. 3553(a).

It is expected that the pre-sentence report will conclude, upon application of the 2015 Sentencing Guidelines Manual, the Defendant is in a guideline imprisonment range of 12 to 18 months based on an offense level of 12 and a criminal history category II. Pursuant to the plea agreement, the parties are recommending a sentence of sixty months imprisonment. The Defendant is also requesting that the court order that the sentence run concurrently to the sentence to be rendered in Racine County Case No. 15CF36. The government is taking no position in regard to the Defendant's request that the sentences run concurrently.

## I.    SENTENCING METHODOLOGY

Post-*Booker*, a court may impose a sentence within the applicable guideline

1

range, or impose a non-guideline sentence if it is justified by 3553(a) factors. *See United States v. Crosby*, No 03-1675, 2005 U.S. App. LEXIS 1699 at 25 (2d Cir. Feb 2, 2005).

Title 18 U.S.C. s. 3553(a) requires the court to consider seven factors:

1. The nature and circumstances of the offense and history of characteristics of the defendant;

2. The need for the sentence imposed

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3. The kinds of sentences available;

4. The sentencing range established by the guidelines;

5. Any pertinent policy statements issued by the Sentencing Commission;

6. The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

7. The need to provide restitution to the victims of the offense.

After considering all of these factors, a court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." *United States v. Galvez-Barrios*, No. 04-CR-14, 2005 U.S. Dist. LEXIS 1997, at *16-17 (E.D. Wis. Feb. 2, 2005).

2

In *Gall v. United States*, 552 U.S.-, 2007 WL 4292116 (Dec. 10, 2007), the Supreme Court rejected an appellate rule that requires "extraordinary" circumstances to justify a sentence outside the Guidelines range. The Court made it clear that as long as the record demonstrates that a district court has considered the s. 3553(a) factors and supported its sentence with a rationale that is supported by the record, the sentence shall stand.

## II.     SENTENCING ANALYSIS

The s. 3553(a) factors can be grouped into three general categories: the nature of the offense, the character of the defendant, and the needs of the public and victims of the offense.

**<u>The Nature of the Offense</u>**

In late 2014, the Defendant, co-defendant Benito Martinez, and others committed robberies in Racine including one at Colonial Liquor. During a subsequent traffic stop, the Defendant was in possession of ammunition which was located in the glove box. The Defendant is prohibited from possessing ammunition having been convicted of one felony as a fourteen year old in 2008.

In mitigation, no one was hurt during any of the robberies. Also, the Defendant's motivation is worthy of consideration. First, the Defendant wanted to help his mother who was strapped financially after her husband suffered a stroke; secondly, the Defendant was addicted to high grade marijuana during the time of the robberies. His addiction was so acute that he could not eat or sleep without the drug. This young man, with little work experience or job skills, then made the bad decision to commit the three or four robberies with his companions.

3

Accordingly, the Defendant asks that the court consider these factors in mitigation when determining a sentence sufficient but not greater than necessary to serve the purposes of sentencing.

**The Character of the Defendant and the Needs of the Public**

The Defendant, now twenty-two, had a tough upbringing. He does not know who his father is. It appears his mother bears a grudge against the Defendant based on the identity of his father. When the Defendant was eight years old, his mother married. The Defendant's stepfather was physically and verbally abusive to the Defendant who was not protected by his mother. By his own admission, the Defendant became very angry and began acting out in school and then breaking the law with his avowed goal to be taken out of his home because of his behavior. Soon enough, at the age of fourteen, he was in Lincoln Hills for armed robbery and possession of marijuana (which account for his two criminal history points). According to the PSR (see pages 10-12), the Defendant "self-sabotaged" his release from Lincoln Hills on several occasions by misbehaving so he would not have to return home. Eventually, he began cooperating with programming. To his credit, the Defendant was not convicted of any new crimes until 2015.

Despite his troubled youth, the Defendant does have positive character attributes. The Defendant graduated from high school in 2001 and has had employment as a factory worker and general laborer as an adult. His mother, with whom he is reconciling, describes him as a kind and giving person. Indeed, the Defendant moved back to Racine from Michigan where he was living with his sister for the express purpose of helping his mother after his stepfather's stroke.

4

The Defendant has rehabilitative needs. He has a long-standing addiction to marijuana which contributed to his participation in this crime. He is amenable to drug abuse treatment. The defense requests that the court recommend that the Bureau of Prisons consider the Defendant for its 500 hour drug treatment program. Also, he could benefit from anger management. The Defendant has largely been discouraged and not encouraged throughout his life. He needs to find his footing and controlling his anger will help him in this regard.

**Request for Concurrent Sentence**

The Defendant asks the court to order that the sixty month sentence run concurrently to the pending sentence in Racine County Case No. 15CF36. A federal court has the discretion to order a federal sentence to run concurrently with an anticipated state sentence. *United States v. Setser*, 132 S. Ct. 1463 (2012). Herein, the Defendant has yet to be sentenced in regard to a misdemeanor disorderly conduct conviction and a possession of firearm by a felon conviction in Racine County. The facts of the felon in possession case intertwine with the possession of ammunition conviction in federal court as the ammunition found in the Defendant's car matched the gun found in his basement. Sixty months in prison is a long enough sentence to rehabilitate the Defendant, punish him, and promote respect for the law.

**III. CONCLUSION**

The Defendant has fully accepted his personal responsibility and realized the magnitude of his behavior. While fully recognizing the severity of the Defendant's conduct, the Defendant asks the court to consider the mitigating qualities of the nature of the offense, and positive character traits as factors in determining a fair sentence.

The Defendant asks the court to render a sentence of sixty months imprisonment concurrent to any other sentence which is sufficient but not greater than necessary to serve the purposes of sentencing.

Dated this 27th day of January, 2016.

Respectfully submitted,


/s/_____
Thomas J. Erickson
Attorney for Defendant

Address and Phone:
316 N. Milwaukee St., Ste. 206
Milwaukee, WI 53202
(414) 271-0678